**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Mendez Garcia, | No. CV-20-00088-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff applied for a period of disability and disability insurance benefits on June 17, 2016, alleging disability beginning on April 30, 2016. After her applications were denied by state agency reviewers, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). Following a January 2019 hearing at which Plaintiff, her attorney, and a vocational expert ("VE") testified, the ALJ issued a written decision finding Plaintiff not disabled within the meaning of the Social Security Act. This became the Commissioner's final decision when the Appeals Council denied review. Plaintiff now seeks judicial review.

The Court reviews the ALJ's decision to determine whether it "contains legal error or is not supported by substantial evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). Substantial evidence is more than a mere scintilla but less than a preponderance, and "such relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *Id.* Having considered the parties' briefs and the administrative record, the

Court concludes that this case must be remanded for further proceedings. This is so because the ALJ has a special duty to further develop the record when inadequate to allow for proper evaluation of the evidence—even when the claimant is represented by counsel. *Mayes v. Massanari*, 276 F.3d 453, 45-60 (9th Cir. 2001); *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir.1983*)*.

Here, the ALJ's residual functional capacity ("RFC") finding concerning Plaintiff's physical limitations does not appear to be based on a single medical opinion. Rather, the ALJ rejected each medical opinion, assigning them only "partial weight," while neglecting to delineate which findings he credited or rejected. First, the ALJ gave partial weight to the opinions of the state agency medical consultants because "they were not privy to all of the medical records that are now on file and their opinion does not appear to take into consideration all the limitations the claimant would experience as a result of her impairments." (Doc. 12-3 at 29.) The ALJ similarly rejected the opinion of consultative examiner Dr. Angel Gomez, because the "opinion is based on a 'snapshot' examination and appears to be an overestimation of the claimant's limitations." (*Id.* at 30.) The ALJ could not substitute his lay interpretation of the objective evidence for that of medical professionals without any support from other medical opinions in the record. *See Day v. Weinberger*, 522 F.2d 1154, 1156 (9th Cir. 1975); *Trevizo v. Berryhill*, 871 F.3d 664, 676-77 (9th Cir. 2017); *Kelly v. Berryhill*, 732 F. App'x 558, 561 (9th Cir. 2018). In circumstances, like here, in which the ALJ concludes that medical opinions with adequate support and foundation are lacking, he has a duty to conduct an appropriate inquiry or to continue the hearing to augment the record. *Smolen v. Chater,* 80 F.3d 1273, 1288 (9th Cir. 1996) (citations omitted). The ALJ did not further develop the record, but instead relied on his own interpretation of the medical evidence in order to craft Plaintiff's RFC.

For these reasons, the Court directs a remand for further development of the record regarding Plaintiff's physical impairments and for further appropriate proceedings in light of that additional development. *See Tonapetyan v. Halter*, 242 F.3d 1144 (9th Cir. 2001).
//

**IT IS ORDERED** that the final decision of the Commissioner is **REVERSED** and **REMANDED** for further proceedings consistent with this opinion.

Dated this 14th day of August, 2020.

Douglas L. Rayes
United States District Judge