**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Maria Mendez Garcia, | No. CV-20-00088-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Commissioner of Social Security Administration, | |
| Defendant. | |

Before the Court is Plaintiff's motion for attorneys' fees as authorized by the Equal Access to Justice Act ("EAJA"), which is fully briefed. (Docs. 21, 22, 25, 30.) Plaintiff's motion is granted for the following reasons.

Pursuant to the EAJA, the Court shall award fees and costs to the prevailing party in a Social Security Appeal unless the position of the United States was substantially justified or special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Here, the Commissioner does not dispute that Plaintiff is entitled to EAJA fees. (Doc. 25 at 2.) Rather, the Commissioner argues that the fee request should be reduced because it is unreasonable. *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) (citation omitted) ("The district court . . . should exclude from th[e] initial fee calculation hours that were not 'reasonably expended.'"). Particularly, the Commissioner challenges Plaintiff's proposed fee amount on four grounds: (1) Plaintiff billed excessively for unnecessary briefing in the complaint; (2) Plaintiff used multiple attorneys resulting in duplication of effort; (3) the

issues raised were not novel or unique; and (4) Plaintiff's attorneys billed for several insufficiently explained items. Relying on these arguments, the Commissioner requests that the Court reduce Plaintiff's requested fee award from $8,763.25 to $7.904.15. (Doc. 25 at 2.) The Court will address each ground, in turn.

First, the Commissioner argues that the hours expended by Plaintiff's counsel to draft a thorough complaint "with detailed factual and legal arguments was unnecessary to state a claim and establish jurisdiction" and that such billing was therefore unreasonable. (Doc. 25 at 4.) As noted by Plaintiff, the Court has already addressed the Commissioner's criticism:

> counsel's complaint is longer and more detailed than most Social Security complaints this court has seen. It is apparently counsel's practice to spend time early in the case examining the record and identifying issues. This practice requires spending relatively more time preparing the complaint than is the general practice, but time spent at the complaint stage is time that will serve counsel well when the merits briefs are eventually prepared. Indeed, it is possible, as counsel explains, that a well prepared complaint can persuade the Commissioner that this case should be remanded before the case is fully briefed, which would save all parties time and money. Counsel's approach is unorthodox, but his total EAJA request is not significantly larger than those submitted by other practitioners in this area. Accordingly, the court cannot conclude that his approach is either inefficient or redundant.

*Garcia v. Commr. of Soc. Sec. Admin.*, No. CIV 18-504-TUC-LAB, 2019 WL 4673335, at * 2 (D. Ariz. Sept. 25, 2019). Espousing the above rationale, the Court cannot conclude that 4.6 hours spent by Plaintiff's counsel reviewing the record and preparing the complaint was unreasonable.

Second, the Commissioner complains that it was unreasonable for multiple attorneys to work on this case, which resulted in double billing. The Court has similarly rejected these arguments, noting that "legal collaboration often requires multiple attorneys to review the same documents in order to contribute meaningfully to the drafting and editing process." *Maske v. Comm'r of Soc. Sec. Admin*., No. CV-18-04891-PHX-DWL, 2020 WL 6562343, at *6 (D. Ariz. Nov. 9, 2020). Third, the Commissioner argues that it was unreasonable for counsel to expend 42.4 hours billing on a case whose issues were

neither novel nor unique. However, "the Court will not second-guess the amount of time Plaintiff's counsel spent on briefing the winning arguments in this case." *Barker v. Comm'r of Soc. Sec. Admin.*, No. CV-18-08136-PCT-DWL, 2019 WL 6893013, *4 (D. Ariz. Dec. 18, 2019). "By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008).

Fourth, the Commissioner challenges several .1 hour entries for emails, such as "Email from . . . : [redacted]" in 2019 and 2020 (Doc. 22-2 at 2-3), arguing that the entries, because their subject is redacted, "fail[] to demonstrate how these emails were necessary for the litigation, or to indicate how the time was spent." (Doc. 25 at 5.) Such entries add up to only approximately one hour total. Although the Court agrees that these entries are too vague for the Court to identify the general subject matter of the expenditures, the Court will not exercise its discretion to reduce the award because the Court is comfortable in concluding that the "emails in question were more likely legitimate time expenditures than a scheme to drive up the fees request." *Maske*, 2020 WL 6562343, at *7. Plaintiff's counsel is nevertheless reminded of the requirement "to provide 'the general subject matter of [] time expenditures' for all future billing entries." *Id.* (quoting *Hensley*, 461 U.S. at 437 n. 12). The Commissioner's objections to Plaintiff's motion for attorneys' fees are therefore overruled. Accordingly,

**IT IS ORDERED** that Plaintiff's motion for attorneys' fees pursuant to the EAJA (Doc. 21) is **GRANTED.** Plaintiff is awarded $8,763.25 in attorneys' fees under the EAJA.

Dated this 2nd day of February, 2021.

Douglas L. Rayes
United States District Judge